UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 97-4692

FREDERICK KEITH SINGLETON,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Albert V. Bryan, Jr., Senior District Judge.
(CR-95-179-A)

Submitted: July 28, 1998

Decided: August 13, 1998

Before NIEMEYER, MICHAEL, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

David B. Smith, ENGLISH & SMITH, Alexandria, Virginia, for
Appellant. Helen F. Fahey, United States Attorney, Robert C. Ches-
nut, Assistant United States Attorney, Alexandria, Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Frederick Keith Singleton was convicted of car jacking, three armored car robberies, and a number of firearms offenses. He was originally sentenced as a career offender to a term of 210 months, with a consecutive sentence of 65 years (780 months) for four convictions under 18 U.S.C.A. § 924(c) (West Supp. 1998), making a total of 990 months. On appeal, the convictions were affirmed, but the career offender sentence was vacated and the case remanded for resentencing. See United States v. Singleton, 107 F.3d 1091 (4th Cir.), cert. denied, ___ U.S. ___, 66 U.S.L.W. 3255 (U.S. Oct. 6, 1997) (No. 96-8580).

On remand, the government conceded that Singleton was not a career offender. The new guideline range was 151-188 months. Both Singleton and the government recommended a sentence of 151 months, which, with the consecutive firearms sentences, would have produced a total sentence of 931 months. The district court imposed a sentence of 151 months on Counts 7, 13, and 17 (the armored car robberies). However, the court reimposed the statutory maximum sentence of 180-months on Count 1 (the car jacking), thus producing a total sentence of 960 months.

Singleton's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising one issue but stating that in his view there are no meritorious issues for appeal. Singleton has filed a pro se supplemental brief attacking his convictions on two grounds. After a review of the record, we affirm.

In the Anders brief, Singleton's attorney speculates that the district court may not have been aware that it could sentence Singleton to 151 months on Count 1 because counsel did not specifically ask for a sentence of 151 months on that count. However, both defense counsel and the government recommended a sentence of 151 months on all the counts which did not carry mandatory consecutive sentences. Although the district court did not explain its reason for imposing the 180-month sentence on Count 1, we find no error because the court had complete discretion to impose sentence at any point within the

2

guideline range. See United States v. Holmes, 60 F.3d 1134, 1137 (4th Cir. 1995) (district court's decision on where to impose sentence within correctly calculated guideline range not reviewable unless based on unconstitutional classification).

In his pro se supplemental brief, Singleton asks this Court to review two new trial issues. He first seeks plain error review of the sufficiency of the government's proof on the majority of charges for which he was convicted. With regard to the felon-in-possession counts, he alleges that the government failed to prove the interstate commerce element and failed to prove that he had a prior felony conviction. With regard to the car jacking count and the § 924(c) counts, he alleges that the government failed to prove that the weapon used was a firearm. Second, Singleton claims that the district court erred in instructing the jury that he had stipulated to the prior felony and interstate commerce elements for the felon-in-possession counts. Singleton attempted to raise these issues at the resentencing hearing, but the district court properly advised him to pursue them in a motion filed under 28 U.S.C.A. § 2255 (West 1994 & Supp. 1998). See United States v. Bell, 5 F.3d 64, 66-67 (4th Cir. 1993) (issues foregone on appeal may not be relitigated). Because none of these issues were raised in the first appeal, they have been forfeited.

In accordance with Anders, we have examined the entire record in this case and find no reversible error. We therefore affirm the sentence imposed on remand. We do not address the validity of Singleton's conviction, and we deny his motion for new counsel. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the record and briefs, and oral argument would not aid the decisional process.

AFFIRMED

3